**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.W.-1, K.W.-2, and K.R.**

**No. 21-0917** (Kanawha County 20-JA-616, 20-JA-617, and 20-JA-618)

**MEMORANDUM DECISION**

Petitioner Mother T.R., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's October 12, 2021, order terminating her parental rights to K.W.-1, K.W.-2, and K.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, J. Rudy Martin, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2020, the DHHR filed a child abuse and neglect petition alleging that the school issued iPads of then-eight-year-old K.R. and then six-year-old K.W.-2 contained videos of those children "attempting sexual behaviors." The DHHR interviewed petitioner who reported that she was unaware of the existence of the videos. The children were also interviewed regarding the videos but they provided no additional information. However, both K.R. and K.W.-2 disclosed significant domestic violence in the home. K.R. reported that petitioner and her

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as two of the children share the same initials, we refer to them as K.W.-1 and K.W.-2, respectively, throughout this memorandum decision.

1

boyfriend, C.F., "hit each other when they fight" and that she tried to stop them from fighting on two different occasions. K.W.-2 also reported that when petitioner and C.F. fought, C.F. "hits [petitioner] hard." K.W.-2 witnessed C.F. punch petitioner "with a closed hand" and petitioner crying afterwards. K.W.-2 reported that he was afraid of C.F. due to the fighting he witnessed. Additionally, both children reported being "whipped with a belt" by petitioner and C.F. as a form of discipline. K.W.-1 was two years old at the time and was not interviewed due to her age. In January of 2021, the circuit court ratified the emergency removal of the children from petitioner's care, and petitioner moved for reunification services, which were granted.

The circuit court held an adjudicatory hearing in May of 2021. The DHHR presented evidence consistent with the allegations in the petition. According to the DHHR worker, K.R. stated that petitioner and C.F. fought "six or seven times" and the child "tried to stop them from physically fighting" by yelling "[s]top, you're going to hurt each other." The DHHR worker also testified that the children repeated their disclosures of domestic violence during forensic interviews. K.R. also described petitioner and C.F. smoking marijuana. Petitioner testified on her own behalf and denied the allegations of domestic violence between herself and C.F. She suggested that the children witnessed domestic violence between petitioner and her former spouse and that C.F. was not involved. Petitioner further testified that she was nine-weeks pregnant, and C.F. was the father of her unborn child.[2] Petitioner then admitted that she tested positive for methamphetamine on April 6, 2021, approximately four weeks earlier. The circuit court found that the DHHR presented clear and convincing evidence that petitioner had exposed the children to domestic violence. The court adjudicated the children as abused and neglected children and petitioner as an abusing parent.

In October of 2021, the circuit court held the final dispositional hearing and considered petitioner's previously filed motion for an improvement period. A DHHR case worker testified that petitioner was complying with court-ordered services but not benefiting from those services. The worker explained that petitioner had not implemented the instruction from the parenting classes and, therefore, "enhanced" visitation could not be recommended. Additionally, the worker testified that petitioner continued to deny the children's disclosures of abuse and domestic violence in the home. One of petitioner's service providers testified that she supervised visitation and taught parenting and adult life skills to petitioner. She explained that petitioner had not improved in her parenting and discipline of the children and, even more critically, denied abuse and domestic violence in her most recent relationship with C.F. Finally, petitioner's domestic violence counselor testified that petitioner was still dependent on C.F. and denied domestic violence and abuse in their relationship.

---

[2]This child is not at issue in this appeal. However, while it is unclear from the record whether this child was born prior to the final dispositional hearing, we remind the DHHR of its statutory duty to "file or join in a petition . . . to terminate parental rights" when "the parental rights of the parent to another child have been terminated involuntarily." W. Va. Code § 49-4-605(a)(3).

During her testimony, petitioner again denied that any domestic violence occurred in her relationship with C.F. Further, she testified that she ended her relationship with C.F., although the circuit court heard evidence that C.F. was observed in the hallway outside of the courtroom immediately before the hearing.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future because petitioner continued to deny the circumstances which led to the filing of the petition. The court found that termination of petitioner's parental rights was necessary for the welfare of the children. Accordingly, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights to the children by its October 12, 2021, order. Petitioner now appeals that order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. According to petitioner, she presented clear and convincing evidence that she was likely to fully participate in an improvement period. Petitioner was compliant in services, had appropriate housing, was employed and testified that she was no longer in a relationship with C.F. She argues that "[t]he biggest complaint against [her] was that she continued to deny any domestic violence between her and [C.F.]" and concedes that on cross-examination, she denied domestic abuse in her relationship. We find petitioner is entitled to no relief on appeal.

---

[3]The individual fathers' parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their respective foster placements.

In order to be granted a post-adjudicatory improvement period under West Virginia Code § 49-4-610(2)(B), the parent must first "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period." "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (holding that a circuit court has the discretion to deny a motion for an improvement period when no improvement is likely). Further, this Court has held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted).

Critical to petitioner's argument, the circuit court found that petitioner denied the conditions of abuse and neglect, i.e., the domestic violence and abuse that the children disclosed. Indeed, at every opportunity, petitioner denied that there was any domestic violence in the home despite the children independently telling the DHHR worker that such domestic violence took place in their presence. Therefore, the circuit court did not err in denying petitioner's motion for an improvement period. Granting an improvement period would have been an exercise in futility.

Furthermore, we find no error in the circuit court's termination of petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(d) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the abusing adult has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." As set forth above, petitioner's failure to acknowledge the conditions of abuse and neglect leaves no hope that she will improve those conditions. Petitioner does not challenge the circuit court's finding that there was no reasonable likelihood that the conditions could be corrected in the near future, and we find no error in that finding upon our review. Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

4

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court was well within its discretion to terminate petitioner's parental rights based on the findings below. Accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 12, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment